```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
JAMES SCOTT HYGOM,

                        Plaintiff,          MEMORANDUM & ORDER
                                             14-CV-2007(JS)(GRB)
        -against-

DIFAZIO POWER & ELECTRIC, LLC,
FRANK HROMADKA, ROBERT MARKS,
ANTHONY DIFAZIO, LOCAL UNION #25 OF
INTERNATIONAL BROTHERHOOD OF
ELECTRICAL WORKERS,

                        Defendants.
----------------------------------------X
APPEARANCES
For Plaintiff:       Robert John Valli, Jr., Esq.
                     Sumantra T. Sinha, Esq.
                     Valli, Kane & Vagnini, LLP
                     600 Old Country Road, Suite 519
                     Garden City, New York 11530

For Defendants
DiFazio Power,
Hromadka, Marks,
and DiFazio:         Mark L. Sussman, Esq., Esq.
                     Daniel Sergio Gomez-Sanchez, Esq.
                     Jackson Lewis, P.C.
                     58 South Service Road, Suite 250
                     Melville, NY 11747

For Defendant
Local Union #25:     Richard S. Brook, Esq.
                     Patricia E. Palmeri, Esq.
                     Law Office of Richard S. Brook
                     114 Old Country Road, Suite 250
                     Mineola, NY 11501
```

SEYBERT, District Judge:

        Plaintiff James Hygom ("Plaintiff") commenced this action on March 28, 2014 against his former employer, DiFazio Power & Electric, LLC ("DiFazio Power" or the "Company"); his union,

Local Union #25 of International Brotherhood of Electrical Workers (the "IBEW"); and his former supervisors, Frank Hromadka, Robert Marks, and Anthony DiFazio (the "Individual Defendants and, together with DiFazio Power and the IBEW, "Defendants"). Plaintiff alleges that Defendants discriminated against him based on his age in violation of the Age Discrimination in Employment Act (the "ADEA"), 29 U.S.C. § 621 et. seq., and Section 290 of the New York State Human Rights Law ("NYSHRL"). Pending before the Court is the IBEW's motion to dismiss Plaintiff's claims. (Docket Entry 8.) For the following reasons, the IBEW's motion to dismiss is GRANTED.

BACKGROUND

I.  Factual Background[1]

Plaintiff is a fifty-nine-year-old electrician. (Compl. ¶¶ 3, 13.) He worked for DiFazio Power and its predecessor company, DiFazio Electric, from 1982 until he was terminated in July 2011.[2] (Compl. ¶¶ 12, 52-53.) Plaintiff was responsible for

---

[1] The following facts are taken from Plaintiff's Complaint and are presumed to be true for the purposes of this Memorandum and Order.
[2] Plaintiff claims he was "laid off" several times, but that the layoffs were really just lateral moves between related business entities. Specifically, Plaintiff claims that he was laid off by DiFazio Electric in the late 1980s so that he could work for Holly Contracting, a joint venture formed by DiFazio Electric's owners. When Holly Contracting closed following a recession, Plaintiff was rehired by DiFazio Electric. (See Compl. ¶¶ 18-23.) Plaintiff also claims that "due to a change in the company's corporate

programming, installing and maintaining fire alarm systems, energy management systems, and security card access systems in buildings. (Compl. ¶ 34.) From 1991 to 2007, Plaintiff "worked as a Foreman/Supervisor for DiFazio Electric" and was responsible for managing up to twenty-two electricians. (Compl. ¶¶ 26-27.)

Plaintiff alleges that in January 2011 DiFazio Power hired Nick Bannon, an electrician in his late twenties, to "replace" him. (Compl. ¶ 37.) Bannon reported to Frank Hromadka, a superintendent at DiFazio Power, who was also Plaintiff's manager. (Compl. ¶¶ 29, 38.) On June 28, 2011, Plaintiff received a call from Hromadka while on his way to work. Hromadka told Plaintiff he would be "working the bucket truck tomorrow." (Compl. ¶¶ 40-41.) "The bucket truck is a company vehicle that is used when power lines on street lights need to be repaired," and Plaintiff had not worked in a bucket truck in years. (Compl. ¶¶ 42-43.) He told Hromadka that he was very busy and asked if "there [was] anyone younger" who could do the work. (Compl. ¶ 44.) Hromadka asked if Plaintiff was "refusing to do the job," and Plaintiff accepted the work. (Compl. ¶ 45-46.)

After their phone conversation, however, Plaintiff spoke with Hromadka in person at DiFazio Power's offices and "explained

---

structure," he was laid off from DiFazio Electric on September 6, 2010 and rehired by DiFazio Power the next day. (Compl. ¶ 32.)

3

that was the oldest employee and he hasn't been in a bucket truck in quite some time." (Compl. ¶ 47.) Hromadka "insinuated that being in the truck made [Plaintiff] 'uncomfortable,'" and said he would find someone else to do the work. (Compl. ¶ 48.)

On June 30, 2011, defendant Robert Marks--a co-owner of DiFazio Power--called Plaintiff and told him that the Company's other owner, Anthony DiFazio, knew about Hromadka assigning Plaintiff to the bucket truck. (Compl. ¶¶ 29, 49) Marks told Plaintiff that DiFazio stated, in reference to the incident, "[w]ould you ever tell somebody you are too old to do a job?" (Compl. ¶ 49.) Marks also explained to Plaintiff that "this was becoming an issue at the shop." (Compl. ¶ 50.)

On July 1, 2011, Hromadka gave Plaintiff a layoff slip, which said that he was being terminated because of a "reduction in force." (Compl. ¶¶ 52-53.) Plaintiff alleges that Hromadka commented that "[y]ou got to go. You knew this was coming." (Compl. ¶ 55.)

Following his termination, Plaintiff contacted the IBEW, which represents electricians who work for DiFazio Power. (Compl. ¶ 65.) The IBEW's collective bargaining agreement with DiFazio Power "limits the employer's right to terminate any employee for 'proper cause.'" (Compl. ¶ 68.) In July 2011, he met with Kevin Harvey, a business manager at the IBEW, and complained that he was fired by DiFazio Power because of his age. (Compl. ¶ 66.) Harvey

4

told Plaintiff that there was nothing that the IBEW could do for him. (Compl. ¶ 67.) After Plaintiff requested that the IBEW provide him with a statement that "there was nothing the union could do" for him, Harvey scheduled a second meeting with Plaintiff and John Guadagno, the IBEW's Business Representative. (Compl. ¶¶ 70-72.) During the meeting, Plaintiff described "the circumstances of his termination." (Compl. ¶ 73.) Plaintiff claims the IBEW took no further action and did not investigate whether he was terminated for proper cause. (Compl. ¶¶ 73-75.)

## II. Procedural History

Plaintiff brings this action for age discrimination against Defendants pursuant to the ADEA and NYSHRL. (Compl. ¶¶ 78-104.) In addition to his claims against the Individual Defendants and DiFazio Power, Plaintiff alleges that the IBEW discriminated against him in violation of the ADEA and NYSHRL when they "refused to investigate his termination because of his age and because he complained about age discrimination." (Compl. ¶¶ 84, 91.) The IBEW moves to dismiss the Complaint. In support of its motion, the IBEW argues: (1) that it cannot be held liable for money damages under the ADEA; (2) that Plaintiff's discrimination claim is preempted by federal law; (3) that Plaintiff's claims are time barred and (4) that Plaintiff failed to properly plead his state law cause of action. (Def.'s Br., Docket Entry 10, at 7-13.)

DISCUSSION

The Court will first address the applicable legal standards before turning to the merits of the IBEW's motion.

I. <u>Legal Standards</u>

A. <u>Rule 12(b)(1)</u>

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." <u>Makarova v. United States</u>, 201 F.3d 110, 113 (2d Cir.2000). In resolving a motion to dismiss for lack of subject matter jurisdiction, the Court may consider affidavits and other materials beyond the pleadings to resolve jurisdictional questions. <u>See</u> <u>Morrison v. Nat'l Australia Bank, Ltd.</u>, 547 F.3d 167, 170 (2d Cir.2008).Rule 12(b)(1)

B. <u>Rule 12(b)(6)</u>

In deciding a Rule 12(b)(6) motion to dismiss, the Court applies a "plausibility standard," which is guided by "[t]wo working principles." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (citing <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 127 S. Ct. 1955, 167 L.Ed.2d 929 (2007); <u>accord</u> <u>Harris v. Mills</u>, 572 F.3d 66, 71–72 (2d Cir. 2009). <u>First</u>, although the Court must accept all allegations as true, this "tenet" is "inapplicable to legal conclusions;" thus, "[t]hreadbare recitals of the elements of a cause of action,

6

supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678; accord Harris, 572 F.3d at 72. Second, only complaints that state a "plausible claim for relief" can survive a Rule 12(b)(6) motion to dismiss. Iqbal, 556 U.S. at 679. Determining whether a complaint does so is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.; accord Harris, 572 F.3d at 72.

## II. Plaintiff's ADEA Claim

The IBEW argues that Plaintiff's ADEA claim is barred as a matter of law because he cannot recover money damages from a labor union under the ADEA. (Def.'s Br. at 7.) Plaintiff does not deny that he cannot recover money damages from the IBEW for violations of the ADEA, but argues that he sufficiently pleaded entitlement to equitable relief by asking in the Complaint for "'any such other and further relief that the Court may deem just and proper.'" (Pl.'s Opp. Br., Docket Entry 19, at 11.)

It is well-settled in this Circuit that a plaintiff cannot recover money damages from a labor union under the ADEA. See Air Line Pilots Ass'n Int'l v. Trans World Airlines, Inc., 713 F.2d 940, 957 (2d Cir. 1983) (holding that the ADEA does not permit the recovery of monetary damages against a labor organization), aff'd in part, rev'd in part, 469 U.S. 111, 105 S. Ct. 613, 83 L. Ed. 2d 523 (1985); Klaper v. Cypress Hills Cemetery, No. 10-CV-1811, 2012 WL 959403, at *6 (E.D.N.Y. Mar. 21, 2012) (finding that

7

the "Amended Complaint fail[ed] to state an ADEA claim . . . because it [sought] only monetary damages against the union, and the ADEA does not permit the recovery of monetary damages against a labor organization") (internal quotation marks and citation); Holmes v. Air Line Pilots Ass'n, Int'l, 745 F. Supp. 2d 176, 204-05 (E.D.N.Y. 2010) (collecting cases). Nevertheless, a plaintiff can seek injunctive when a union breaches the duty of fair representation under the ADEA. Id. at 204.

Although the Complaint only contains a general prayer for money damages "any such other relief . . . the Court may deem just and proper," (Compl. at 16.), Plaintiff claims that he seeks an order directing the IBEW to investigate his termination. (Pl.'s Opp. Br. at 11.) In Lightfoot v. Union Carbide Corp., 110 F.3d 898, 910 (2d Cir. 1997), the Second Circuit addressed whether a general prayer for damages entitled the plaintiff to injunctive relief. There, the district court dismissed the Plaintiff's ADEA claim on summary judgment because it "lacked a viable claim for damages under the ADEA." Id. On appeal, the plaintiff argued that the court should have granted him equitable relief instead of dismissing his claim. Id. Specifically, the plaintiff argued that by asking for "such other and further relief as to this Court may seem just and proper" in his Complaint, he sought equitable relief. Id. (internal quotation marks omitted). The Second Circuit disagreed and explained that while the plaintiff's

8

"general, ritualistic prayer for additional relief might have entitled [the plaintiff] to some form of equitable relief after he had established his claim under the ADEA" his "boilerplate language" did not did state a viable claim for equitable relief. Id. (citing FED. R. CIV. P. 54(c)). The court also noted that the plaintiff could not even say "what equitable relief would have been appropriate." Id.

Here, as in Lightfoot, Plaintiff's boilerplate prayer for "any such other and further relief that the Court may deem just and proper" does not state a claim for injunctive relief. This general clause means only what is says--that the Court is free to grant the relief it decides upon, even if the plaintiff did not ask for that relief. See FED. R. CIV. P. 54(c). Plaintiff argues that Lightfoot is distinguishable because here Plaintiff can articulate the equitable relief he seeks--an order directing the IBEW to investigate Plaintiff's termination. (Pl.'s Opp. Br. at 11.) However, Plaintiff's distinction is merely an impermissible attempt to amend his Complaint through his opposition brief. Lazaro v. Good Samaritan Hosp., 54 F. Supp. 2d 180, 184 (S.D.N.Y. 1999) ("it is axiomatic that the Complaint cannot be amended by the briefs in opposition to a motion to dismiss") (internal quotation marks and citation omitted). Since the Plaintiff cannot recover money damages from the IBEW under the

9

ADEA and he has not sufficiently pleaded entitlement to injunctive relief, his ADEA claim is DISMISSED.

III. Preemption of NYSHRL Claims

The IBEW argues that Plaintiff's NYSHRL discrimination claim should be dismissed because it is preempted by federal law. The court agrees. "A union's duty to fairly represent[ ] its members arises from the union's status as the exclusive bargaining agent with the employer." Zuckerman v. Volume Servs. Am., Inc., 304 F. Supp. 2d 365, 372 (E.D.N.Y. 2004) (citing Vaca v. Sipes, 386 U.S. 171, 177, 87 S. Ct. 903, 909-10 17 L. Ed. 2d 842 (1967). The duty of fair representation "includes a statutory obligation to serve the interests of all members without hostility or discrimination toward any, to exercise its discretion with complete good faith and honesty, and to avoid arbitrary conduct." Vaca v. Sipes, 386 U.S. at 177, 87 S. Ct. at 910 (internal citation omitted). State law claims alleging conduct that falls within the duty of fair representation are preempted by federal law. Rodolico v. Unisys Corp., 96 F. Supp. 2d 184, 188-88 (E.D.N.Y.2000) ("if the state claim creates no new rights for an employee and imposes no new duty on a union not already clearly present under existing federal labor law, it is preempted." (internal quotation marks and citation omitted)); Zuckerman, 304 F. Supp. 2d at 373 ("Where a union is charged with discriminating against certain members on account of their age, that claim is construed as a claim for breach

of the duty of fair representation and any claim under a state law anti-discrimination statute is preempted." (citations omitted)). Although the Second Circuit has not addressed whether the NYSHRL is preempted by federal law, "[t]he vast majority of cases in this Circuit, when dealing with state-law claims of discrimination against a union, have found such claims to be subsumed by the [duty of fair representation]." Langford v. Int'l Union of Operating Eng'r., Local 30, 765 F. Supp. 2d 486, 509 (S.D.N.Y. 2011) (collecting cases).

The crux of Plaintiff's NYSHRL claim is that the IBEW discriminated against him in violation of the NYSHRL by failing to investigate his termination after he complained to union representatives. Since Plaintiff's allegations implicate the IBEW's duties as Plaintiff's representative under the IBEW's collective bargaining agreement they are subsumed by the duty of fair representation. See Snay v. U.S. Postal Serv., 31 F. Supp. 2d 92, 99-100 (N.D.N.Y. 1998) ("Because the alleged discrimination was in connection with the Union's activities as representative, the discrimination claim cannot be said to 'arise wholly outside the ambit of those obligations circumscribed by a union's duty of fair representation under the collective bargaining agreement.'" (citations omitted)). Plaintiff's NYSHRL claims against the IBEW are therefore preempted by federal law and must be DISMISSED.

IV. Timeliness

The court declines to consider the IBEW's statute of limitations argument at this juncture because the IBEW relies upon documents outside of the pleadings. See McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 191 (2d Cir. 2007).

CONCLUSION

For the foregoing reasons, the IBEW's motion to dismiss (Docket Entry 8) is GRANTED. Plaintiff's NYSHRL claim against the IBEW is DISMISSED WITH PREJUDICE. Plaintiff's ADEA claim against the IBEW is DISMISSED WITHOUT PREJUDICE and with LEAVE TO AMEND. Should Plaintiff wish to file an Amended Complaint, he must do so within thirty (30) days. If Plaintiff fails to file an Amended Complaint, his ADEA claim against the IBEW will be DISMISSED WITH PREJUDICE.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: March __18__, 2015
       Central Islip, New York